No. 349

FOUNDRY AP. CO. v. RATLIFF, Admr.

Ohio Appeals, 1st Dist., Hamilton Co.

No. 247. Decided Dec. 15, 1924.

301. CONTRIBUTORY NEGLIGENCE—A minor, employed contrary to statute or law, shall not, under compensation act, be deemed or held to have been guilty of contributory negligence.

## STATE COURT OF APPEALS—Continued

**774. MISREPRESENTATIONS — Made by minor may be introduced by employer as defense, under compensation act.**

HAMILTON, J.

Perry Ratliff, a minor of 17 years, was employed in the Foundry Appliance Company as a grinder on an emery wheel. While in the employ of the company and while working upon an emery wheel, it brust and as a result he was killed. This action was originally brought in the Hamilton Common Pleas by Corbitt Ratliff to recover damages from the company for the wrongful death of the decedent. The company had complied with the Workmen's Compensation Law, but no claim for compensation was made thereunder. Instead, the action for damages was brought, Ratliff alleged negligence on part of the company in failing to enforce and observe rules and orders of the Industrial Commission, that the emery wheel was not protected in the manner required, that the emery wheel was defective and worn and liable to break, and it was run at a rapid motion.

The jury returned a verdict in favor of Ratliff and judgment thereon was rendered. Error was prosecuted and the company contends that under 1465-93 GC a minor shall be deemed sui juris for purpose of collecting compensation; that 1465-76 GC protects the employer who has paid into the State Insurance Fund, from court proceedings and damages on account of such injury, except where it arises from wilful act of employer, or his failure to comply with any lawful requirement for protection of employees. The company further contends that the court erred in its charge to the jury when it stated that contributory negligence can be raised as a defense only if the minor misrepresented facts to the Company. The company claims that 6245-2 GC does not apply to the case in view of provisions of the Workmen's Compensation Act 1465-93 and 76 GC. The Court of of Appeals held:

1. If two enactments can be by any reasonable construction, construed together, both will be sustained.

2. Eince 6245-2 GC takes away the defense of the employer if employee is illegally employed, it is easily reconciled with provisions in the Workmen's Compensation Act. The two enactments construed together mean the defense of contributory negligence can be made against all who sue at law except he be a minor employed contrary to law. Judgment of lower court affirmed. Stomping Co. v. Kutz, 98 OS 61 cited.

Attorneys—Shotts & Millikin, for Company; Andrews, Andrews and ogers, for Ratliff; all of Hamilton.